UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JORGE LUIS FERNANDEZ,

                Plaintiff,

v.                                    Case No:   8:14-cv-1272-T-30CM

COMMISSIONER OF SOCIAL
SECURITY and SSA,

                Defendants.

---

### REPORT AND RECOMMENDATION[1]

Plaintiff Jorge Luis Fernandez, a minor child at the time of his application, appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for a period of Supplemental Security Income ("SSI"). For the reasons discussed herein, the undersigned recommends that the decision of the Commissioner be affirmed.

### I.    Issues on Appeal

Plaintiff raises three overarching issues on appeal: (1) whether the Administrative Law Judge ("ALJ") properly evaluated the credibility of Plaintiff and his mother; (2) whether the ALJ accorded appropriate weight to Plaintiff's treating

---

[1] A party failing to file written objections to a magistrate judge's findings or recommendations within fourteen (14) days of issuance of the Report and Recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. Fed. R. App. P. 3; 11th Cir. R. 3-1; *Mitchell v. U.S.*, No. 14-12271, 2015 WL 2145573, at *3 (11th Cir. May 8, 2015); *See De Souza v. JP Morgan Chase Home Lending Div.*, No. 14-14861, 2015 WL 1868236, at *2 (11th Cir. Apr. 24, 2015).

medical source; and (3) whether the ALJ's determination that Plaintiff's impairments do not meet or functionally equal the listings is supported by substantial evidence.

## II.    Procedural History and Summary of the ALJ's Decision

On February 8, 2011, Plaintiff protectively filed an application for SSI benefits, alleging disability beginning February 8, 2010.   Tr. 110-18.[2]   The Social Security Administration denied his claims initially on March 11, 2011 and upon reconsideration on May 11, 2011.   Tr. 64, 65.   Plaintiff then requested and received a hearing before ALJ Victor L. Cruz on April 3, 2012, during which he was represented by an attorney.   Tr. 38-63, 78.   Plaintiff and his mother, Hortensia Fernandez, testified at the hearing with the assistance of a Spanish interpreter.

On June 21, 2012, the ALJ issued a decision finding that Plaintiff is not disabled and denying his claim.   Tr. 15-27.   The ALJ first determined that Plaintiff was an adolescent on the date the application for SSI was filed and still was an adolescent at the time the ALJ issued his decision.   Tr. 18.   At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 8, 2011, the application date.   *Id.*   At step two, the ALJ determined that Plaintiff had the following severe impairments: attention deficit hyperactivity disorder ("ADHD"); generalized anxiety disorder; and psychosis, not otherwise specified.   *Id.*   At step three, the ALJ concluded that Plaintiff "does not have an impairment or combination

---

[2]  Citations to the administrative record filed at Doc. 15 are denoted "Tr." followed by the appropriate page number.

of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.*

Taking into account all relevant evidence, including objective medical evidence and information from Plaintiff, his mother and Plaintiff's school, the ALJ then determined that Plaintiff did not have an impairment or combination of impairments that results in either "marked" limitation in two domains of functioning, or "extreme" limitation in one domain of functioning, as is required to functionally meet a listing. Tr. 18, 27; 20 CFR § 416.924(d).   In making this determination, the ALJ assessed Plaintiff's functioning in six functional equivalence domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well-being.   Tr. 21-27.

The ALJ found that Plaintiff's medically determinable impairments reasonably could be expected to cause some of his alleged symptoms, but statements concerning the intensity, persistence and limiting effects of his symptoms were not credible to the extent they were inconsistent with the ALJ's functional equivalence determinations.   Tr. 20.   The ALJ determined that Plaintiff has less than marked limitation in acquiring and using information, attending and completing tasks, interacting and relating with others, and ability to care for himself; and no limitation in moving about and manipulating objects and health and physical well-being.   Tr. 21-27.   Accordingly, the ALJ found that Plaintiff is not disabled and denied his claim.   Tr. 27.

Following the ALJ's decision, Plaintiff filed a request for review by the Appeals Council, which was denied on August 1, 2014.   Tr. 1-5, 8.   Accordingly, the ALJ's June 21, 2012 decision is the final decision of the Commissioner.   Plaintiff filed an appeal in this Court on May 29, 2014.   Doc. 1.

### III.   Social Security Act Eligibility and Standard of Review

An individual under the age of eighteen is disabled for purposes of seeking child SSI benefits when he has a medically determinable physical or mental impairment which results in marked and severe functional limitations and can be expected to either result in death or last for a continuous period of not less than twelve months.   42 U.S.C. § 1382c(a)(3)(C)(i).   To qualify for benefits, the child claimant must show that: (1) he is not engaging in substantial gainful activity; (2) he has an impairment or combination of impairments that is severe; and (3) his impairment or combination of impairments meets, medically equals, or functionally equals a listed impairment.   20 C.F.R. § 416.924.

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence.   *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).   The Commissioner's findings of fact are conclusive if supported by substantial evidence.   42 U.S.C. § 405(g).   Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the

conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## IV. Discussion

### a. Whether the ALJ properly assessed Plaintiff's and his mother's credibility

Plaintiff first contends that the ALJ failed to adequately explain why he found the testimony of both Plaintiff and his mother less than fully credible. Doc. 19 at 4-8. The Commissioner argues that the ALJ sufficiently explained the reasons for his credibility determinations, including that the degree to which Plaintiff and his mother claim he is impaired is not corroborated by the objective medical evidence. Doc. 20 at 13-14.

A claimant must demonstrate an objectively determined medical condition that reasonably can be expected to produce the alleged symptoms. 20 C.F.R. § 416.929(a). If the ALJ determines that the plaintiff's impairments reasonably can be expected to produce the alleged symptoms, then the ALJ evaluates the evidence, including the plaintiff's testimony as to the intensity and persistence of the symptoms and whether they impact the plaintiff's ability to function. 20 C.F.R. § 416.929(c). The claimant's statements alone, without objective evidence such as laboratory or medical findings in support, are insufficient. 20 C.F.R. § 416.929(a). Subjective complaints are evaluated in relation to other evidence, including whether they are consistent with objective medical evidence. 20 C.F.R. § 416.929(c)(4). Where, as here, the claimant is a child, the ALJ also considers evidence submitted by treating, examining, or consulting physicians or psychiatrists; information from education personnel; statements from parents and relatives; and other evidence. 20 C.F.R. § 416.929(c)(3). The ALJ must state specific reasons for his credibility determinations, which must be supported by the record, and conclusory statements that a plaintiff's allegations are not credible are insufficient. SSR 96-7p; *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) ("If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so.").

Here, the ALJ acknowledged that once he determined Plaintiff's impairments reasonably could be expected to produce his symptoms, the ALJ was required to evaluate Plaintiff's testimony and other evidence to determine the effects of Plaintiff's impairments on his functioning. Tr. 19. Part of that evaluation involves making

credibility determinations.   *Id.*   The ALJ discussed the testimony of both Plaintiff and his mother during the hearing.   Plaintiff testified that he can read and write "a little" and perform some simple math, and does not attend school because he has difficulty remembering and doing what he is told.   *Id.*; *see* Tr. 44, 47.   The ALJ noted that Plaintiff could not testify as to his height, weight, whether he had ever taken illegal drugs, the last grade he completed in school, or when he quit attending school. Tr. 19; Tr. 44.   The ALJ noted that Plaintiff lashes out at his family and reported hearing voices.   Tr. 19; Tr. 48-49.   Plaintiff's mother testified that he is difficult, angers easily, hits walls and throws objects, but also admitted that she and Plaintiff's father do not discipline him.   Tr. 61.   Plaintiff's mother testified that Plaintiff is depressed and cries often, and that she helps Plaintiff with even basic personal care, such as bathing and dressing.   Tr. 20.

Plaintiff and his mother testified and reported inconsistently on a number of issues related to Plaintiff's ability to function.   For example, Plaintiff testified that he plays video games, watches television and naps, while his mother reported that Plaintiff does not nap or play video games.   *Cf.* Tr. 50 *with* Tr. 133-34.   Despite Plaintiff's testimony and medical records stating that he has improved with medication, Plaintiff's mother completed an ADHD questionnaire on which she stated that Plaintiff has not improved with medication.   Tr. 50-51, Tr. 133.   Plaintiff's mother testified that he never helps with household chores; Plaintiff reported that he "sometimes" helps with cleaning his room, taking out the trash and other chores when asked by his mother.   *Cf.* Tr. 61 *with* Tr. 165.   When Plaintiff was asked during the

hearing whether he had ever used illegal drugs, specifically marijuana, Plaintiff stated he could not remember.   Tr. 51.   November 2010 records from Dr. Hernandez, however, state that Plaintiff "used to smoke cannabis" and note that Plaintiff was arrested for possession of cannabis and was on probation from that charge at the time of the office visit.   Tr. 209.

The ALJ highlighted other conflicting evidence in the record.   Despite Plaintiff's contention that he has difficulty understanding material, which he and his mother cite as his reason for dropping out of school, the ALJ discussed Plaintiff's education records, which state that he has the ability to perform well in school, when he attends; is an intelligent student; can comprehend complex issues and use critical thinking skills; gets along well with his peers; and respects authority.   Tr. 20; Tr. 203.   Plaintiff's school records state that he simply lacks motivation to succeed.   Tr. 203.   Plaintiff also admitted that he "really [doesn't] do homework and stuff."   Tr. 47.

Plaintiff's school records also note his excessive absences and poor grades due to those absences and referrals for profanity, skipping class, disobedience, insubordination, dress code violations and tardiness.   Tr. 202.   Moreover, despite Plaintiff's reported difficulty understanding, he was not placed in special education classes and was not receiving special instruction or other services at the time he ceased attending school.   In fact, Plaintiff was removed from Exceptional Student Education ("ESE") by the School District of Hillsborough County, Florida upon a determination that Plaintiff was no longer a student with a disability in need of

special education or related services.   Tr. 197.   The record indicates that Plaintiff was in regular education classes for the remainder of his schooling.   Finally, although Plaintiff argues that his and his mother's testimony as to the debilitating effects of Plaintiff's impairments are supported by the opinions of Dr. Hernandez, the ALJ determined that Dr. Hernandez's opinions were unsupported and therefore not entitled to controlling weight, as discussed more fully *infra*.

Credibility determinations, resolving conflicts in the evidence and drawing inferences therefrom are functions of the Commissioner, not the court.   *Parker v. Colvin*, No. 8:12-cv-1919-T-24-TGW, 2013 WL 3209443, at *2 (citing *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971) and *Celebrezze v. O'Brient*, 323 F.2d 989, 990 (5th Cir. 1963)).   The Court's role is limited to determining whether the ALJ's decision is supported by substantial evidence.   To that end, "[t]the question is not . . . whether [the] ALJ could have reasonably credited [the plaintiff's] testimony, but whether the ALJ was clearly wrong to discredit it."   *Werner v. Comm'r of Soc. Sec.*, 421 Fed. Appx. 935, 939 (11th Cir. 2011).   Here, the Court concludes he was not.

The ALJ determined that Plaintiff is not as limited as alleged.   The ALJ properly evaluated Plaintiff's subjective complaints in relation to other evidence, including whether they are consistent with objective medical evidence, information from educational personnel, statements from parents and other evidence.   20 C.F.R. §§ 416.929(c)(3), (4).   The ALJ discussed the portions of the record—Plaintiff's and his mother's testimony—that he found either were unsupported or inconsistent with other evidence in the record.   The ALJ highlighted that Plaintiff spends his days

watching television, playing video games and taking naps, and Plaintiff's statements that he has improved with medication.   Tr. 19; *see* Tr. 50.   Accordingly, the undersigned concludes that the ALJ sufficiently explained his reasons for finding Plaintiff's and his mother's testimony and reports that he is unable to function appropriately less than fully credible, and it is not for the Court to reweigh the evidence.   Nor will it disturb a clearly articulated credibility finding that is supported by substantial evidence.   *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987); *Foote*, 67 F.3d at 1562 (same); *Lawson v. Astrue*, No. 8:07-cv-243-T-TGW, 2008 WL 681097, at *2 (M.D. Fla. Mar. 7, 2008) ("It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.") (citing *Grant*, 445 F.2d 656).   Instead, the Court must review the ALJ's credibility findings as a whole to determine whether they are supported by substantial evidence in the record.   *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).   Here, the Court concludes that they are.

### b.  Whether the ALJ accorded appropriate weight to the opinion of Plaintiff's treating medical source

Plaintiff next argues that the ALJ erred by discounting the opinion of Dr. Hernandez, Plaintiff's treating psychiatrist.   Doc. 19 at 8-12.   The Commissioner contends that substantial evidence supports the ALJ's decision to accord less weight to Dr. Hernandez's opinion, because although he diagnosed Plaintiff's impairments, diagnoses alone do not establish limitations.   Doc. 20 at 8.   The Commissioner also asserts that Dr. Hernandez failed to support his conclusions with specific medical or clinical findings and instead appears to base his findings largely on subjective reports

of Plaintiff and his mother, which conflict with objective evidence in the record.   *Id.*
at 8.

Under the Regulations, opinions of examining sources usually are given more
weight than nonexamining source opinions and are evaluated based upon the degree
to which they consider all relevant evidence in the record, including the opinions of
other medical sources.   20 C.F.R. §§ 416.927(c)(1), (3).   Generally, "[a]n ALJ must
give a treating physician's opinion substantial weight, unless good cause is shown."
*Castle v. Colvin*, 557 Fed. Appx. 849, 854 (11th Cir. 2014) (citing *Phillips v. Barnhart*,
357 F.3d 1232, 1240 (11th Cir. 2004)); 20 C.F.R. § 416.927(c)(2); *Lewis v. Callahan*,
125 F.3d 1436, 1440 (11th Cir. 1997); *Sabo v. Comm'r of Soc. Sec.*, 955 F.Supp. 1456,
1462 (M.D. Fla. 1996).   "Good cause exists when the '(1) treating physician's opinion
was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3)
treating physician's opinion was conclusory or inconsistent with the doctor's own
medical records.'"   *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir.
2011) (quoting *Phillips*, 357 F.3d at 1240).   By contrast, "because nonexamining
sources have no examining or treating relationship with [a plaintiff], the weight [the
SSA] will give their opinions will depend on the degree to which they provide
supporting explanations."   20 C.F.R. § 416.927(c)(3).   Any medical source opinion
may be discounted when the opinion is not well-supported by medically acceptable
clinical and laboratory diagnostic techniques or if the opinion is inconsistent with the
record as a whole.   SSR 96-2p; *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159-
60 (11th Cir. 2004).

The record reveals that Dr. Hernandez began seeing Plaintiff in November 2010.   In a record dated November 23, 2010, Dr. Hernandez includes a diagnosis of ADHD, predominantly impulsive hyperactive type, and prescribed medication.   Tr. 210-11.   Dr. Hernandez noted that Plaintiff previously had not been taking any medication.   Tr. 209.   During a visit to Dr. Hernandez on December 29, 2010, Plaintiff reported responding "okay" to medication and that he was less hyperactive.  Tr. 213.   Dr. Hernandez noted there were no side effects from Plaintiff's medications; he was oriented to person, place, time and situation ("oriented x4"); his cognition was logical; his concentration fair; and Plaintiff did not suffer from any hallucinations or delusions.   *Id.*   He also noted Plaintiff's mood was anxious.   *Id.*   Dr. Hernandez continued Plaintiff's medications and recommended he follow up in one month.   *Id.*

Records dated March 2, 2011 state that Plaintiff reported difficulty sleeping, but Dr. Hernandez noted that Plaintiff was cooperative, making jokes and talking about music.   Tr. 222.   Dr. Hernandez again found that Plaintiff was oriented x4, his cognition was logical, his concentration was within normal limits and he had no delusions or hallucinations.   *Id.*   Dr. Hernandez's notes, however, also state "still hears voices, whispers in his head."   *Id.*   Plaintiff's medications were continued and he was told to follow up in two months.   *Id.*   Plaintiff saw Dr. Hernandez again on April 5, 2011.   Tr. 221.   That record states that Benadryl made Plaintiff more hyperactive, but Plaintiff was oriented x4, his cognition was logical, his concentration was fair, his mood was anxious and he did not report hallucinations or delusions.   *Id.*  Dr. Hernandez recommended that Plaintiff follow up in one month.   *Id.*

On June 8, 2011, Plaintiff reported being very angry and anxious, and hitting the wall.   Tr. 235.   He also reported being scared to go outside for fear that something bad would happen to him or his mother, and that he was depressed.   *Id.* Dr. Hernandez determined that Plaintiff was oriented x4, his cognition was logical and his concentration was fair, but noted Plaintiff's mood was depressed and anxious. *Id.*   Dr. Hernandez noted that Plaintiff suffered from visual hallucinations (seeing shadows) and persecutory delusions (people would hurt him or his mother).   *Id.* Yet, Plaintiff only was given medications and told to follow up in one month.   *Id.* Records from Plaintiff's visit to Dr. Hernandez on July 14, 2011 state that Plaintiff again reported doing better with medications.   Tr. 232.   Plaintiff also reported hearing people calling his name and his belief that people talk or laugh about him. *Id.*   Dr. Hernandez again noted that Plaintiff was oriented x4, his cognition was logical, his concentration was fair, his mood was anxious and Plaintiff had auditory hallucinations, but no delusions.   *Id.*

On August 16, 2011, Plaintiff reported to Dr. Hernandez that he was doing "much better" but still had some difficulty sleeping.   Tr. 231.   Dr. Hernandez noted that Plaintiff was fully oriented, his mood was anxious, his concentration was fair, and that Plaintiff reported no hallucinations or delusions.   *Id.*   Dr. Hernandez recommended that Plaintiff follow up in two months.   *Id.*   Records from December 6, 2011 reflect that Plaintiff reported going out but preferred sitting at home watching television and playing video games.   Tr. 245.   Dr. Hernandez found Plaintiff fully oriented, his mood was normal, his cognition was logical and his concentration was

fair.  *Id.*  Plaintiff again did not report any hallucinations or delusions.  *Id.*  Dr. Hernandez completed an ADHD Professional Source Data Sheet on March 22, 2012, on which he checked boxes indicating that Plaintiff has marked inattention, impulsiveness and hyperactivity.  Tr. 254-55.  Dr. Hernandez stated that his opinion is based on Plaintiff's difficulty concentrating, isolation, poor socialization, absences from school, limited grooming, hearing voices, not sleeping and reported feelings of anxiety, irritability and anger.  Tr. 256.

In assigning little weight to Dr. Hernandez's opinion, the ALJ noted that Dr. Hernandez's reports are not supported with clinical and objective findings and appear to rely heavily on the subjective reports of Plaintiff's mother.  Tr. 21.  Upon review of the record, the undersigned agrees; There are no medical or clinical findings, test results, or other records, other than Plaintiff's and his mother's reports and testimony, to support Dr. Hernandez's opinion that Plaintiff suffers from marked limitation in attention, impulsiveness and hyperactivity.  Tr. 254-55.  The lack of supporting objective medical evidence, the conclusory nature of Dr. Hernandez's records and their internal inconsistencies are sufficient to assign reduced weight to his opinion.  *Winschel*, 631 F.3d at 1179.  Moreover, evidence from other sources contradicts Dr. Hernandez's opinion and suggests Plaintiff has less than marked limitations in these areas.

The educational records completed by Plaintiff's teacher and school social worker reflect that he is an intelligent, capable young man, who frequently was absent from school and lacked motivation to succeed.  Tr. 135-42, 201-04.  Plaintiff's

language arts teacher reported that when Plaintiff was in 8th grade, he could read at the 7th grade level, and his written language was 8th grade level.   Tr. 135.   These ratings do not indicate marked limitations.   The same teacher reported that Plaintiff had no limitation in acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, or caring for himself.   Tr. 136-41.[3]   A report completed for the Hillsborough County Public Schools by school social worker M. Hall states that, according to Plaintiff's teachers, he "has the ability to perform when in attendance," but "he lacks motivation to succeed in his school work."   Tr. 203.   Plaintiff is described as "an intelligent young man able to comprehend complex issues and use critical thinking skills to work thru them."   *Id.*   This report also contradicts Dr. Hernandez's opinion that Plaintiff suffers from marked limitations.

The opinions of two state agency medical consultants, Dr. Heffron and Dr. Annis, also conflict with Dr. Hernandez's opinion.   Janis Heffron, Ed.D., completed a Childhood Disability Evaluation Form on March 8, 2011.   Tr. 214-19.   Dr. Heffron reviewed the evidence and determined that Plaintiff's ADHD is severe but does not meet, medically equal, or functionally equal the listings.   Tr. 214, 219.   Lawrence

---

[3] Although the first page of this report provides some detailed information, such as his reading and writing abilities by grade level, the majority of this document is a cursory fill-in-the-bubble report that was incomplete and fails to provide additional clarification or information where prompted.   *See* Tr. 136-42.   Nevertheless, the report on its face, at least in the small portion that was completed, states that its author determined that Plaintiff was not limited in these areas.   It is beyond the scope of the Court's review to reweigh the evidence.   *Norton v. Comm'r of Soc. Sec.*, --- Fed. Appx. ----, 2015 WL 1600426, at *1 (11th Cir. Apr. 10, 2015) ("This Court 'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'") (quoting *Winschel*, 831 F.3d at 1178).

Annis, Ph.D., completed the same form on May 11, 2011, and reached the same conclusion.   Tr. 224; Tr. 224-29.   Dr. Heffron and Dr. Annis each found that Plaintiff has less than marked limitations in the areas of acquiring and using information, attending and completing tasks, interacting and relating with others and caring for himself; and no limitation in moving about and manipulating objects, and health and physical well-being.   Tr. 216-17, 226-27.

Dr. Heffron explained that her findings were based on consideration of Dr. Hernandez's reports dated November and December 2010, which found that Plaintiff was responding adequately to medication and was less hyperactive, and January 2011, when Plaintiff reported feeling scared but also reported he was sleeping better, and Dr. Hernandez found Plaintiff was fully oriented, logical and had normal mood and fair concentration.   Tr. 219.   Dr. Heffron also cited Plaintiff's school reports in support of her conclusion.   *Id.*   Dr. Heffron noted that after three sessions Dr. Hernandez only recommended follow up every two months.   *Id.*   Dr. Annis noted Plaintiff's diagnosis of ADHD predominantly impulsive/hyperactive type and determined it is severe, but also concluded it did not meet, medically equal, or functionally equal the listings.   Tr. 224.

Dr. Annis provided a more detailed breakdown of his findings with respect to Plaintiff's functional abilities.   As to his determination that Plaintiff has less than marked limitation in acquiring and using information, Dr. Annis cited Plaintiff's excessive absences from school and his school reports stating he is capable of doing well, but also noted that Plaintiff reported being distracted in school.   Tr. 226.   In

the functional area of attending and completing tasks, Dr. Annis found that Plaintiff has less than marked limitation. *Id.* Dr. Annis cited Plaintiff's mother's reports that Plaintiff cannot concentrate, needs constant direction and reprimand, and acts out by misbehaving. *Id.* Dr. Annis again cited the report from Plaintiff's school stating that he is able to follow directions and complete work in a timely manner. *Id.* As to interacting and relating with others, Dr. Annis found that Plaintiff has less than marked limitation, again citing the school report stating that, overall, Plaintiff gets along well with his peers and respects authority. *Id.* Dr. Annis also found that Plaintiff has less than marked limitation in his ability to care for himself, noting that Plaintiff performs personal care but needs reminders to shower. Tr. 227. The ALJ assigned the opinions of Dr. Heffron and Dr. Annis significant weight because they are experts in their fields and familiar with the disability evidentiary requirements. Tr. 21.

The opinions of non-examining state agency consultants, standing alone, do not constitute substantial evidence. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). Here, however, the opinions of Dr. Heffron and Dr. Annis do not stand alone; their opinions are consistent with reports by Plaintiff's teacher and school social worker, and, to some degree, Plaintiff's own testimony and reports. The ALJ therefore could assign the agency consultants' opinions greater weight. 20 C.F.R. § 416.927(c)(3). As to whether the ALJ properly assigned little weight to Dr. Hernandez's opinion, the Regulations provide that an ALJ may assign reduced weight to a treating source opinion that is inconsistent with and unsupported by other

evidence in the record.   20 C.F.R. §§ 416.927(c)(3), (4); SSR 96-2p; *Crawford*, 363 F.3d at 1159-60.   Here, the ALJ properly discounted Dr. Hernandez's opinion as inconsistent with the reports of Plaintiff's social worker and teachers and Plaintiff's reported daily activities.   Substantial evidence supports his decision.

c. *Whether the ALJ properly determined that Plaintiff's impairments do not meet or functionally equal the listings*

Plaintiff also argues that the ALJ erred by finding that his impairments do not functionally equal the listings, or meet the listing for ADHD.   The success of these arguments necessarily relies upon a determination that the ALJ erred either with respect to his credibility determinations, or by failing to accord greater weight to Dr. Hernandez's opinion.

To qualify for benefits, the child claimant must show that: (1) he is not engaging in substantial gainful activity; (2) he has an impairment or combination of impairments that is severe; and (3) his impairment or combination of impairments meets, medically equals, or functionally equals a listed impairment.   20 C.F.R. § 416.924.   To meet Listing 112.11 (ADHD), Plaintiff must show that he meets all criteria of paragraphs A and B of that listing.   20 C.F.R. part 404, subpart P, app. 1 § 112.11.   Paragraph A requires medically documented marked inattention, impulsiveness and hyperactivity.   *Id.* § 112.11(A).   Paragraph B requires Plaintiff to demonstrate two of the following: marked impairment in age-appropriate cognitive/communicative function; marked impairment in age-appropriate social functioning; marked impairment in age-appropriate personal functioning; or marked difficulties in maintaining concentration, persistence, or pace.   *Id.* § 112.11(B).

Medical documentation is required to support a marked-level impairment in age-appropriate cognitive/communicative, social and personal functioning, as well as results of appropriate standardized tests, if necessary.   *Id.*

Where a claimant does not meet or medically equal the listings, he still may functionally equal the listings.   Functional equivalence is evaluated as it pertains to the six broad functional domains.   20 C.F.R. § 416.926a(b)(1).   To functionally equal a listing, the child's impairment or combination of impairments must result in "marked limitation" in two domains, or an "extreme" limitation in one domain.   20 C.F.R. § 416.926a(d).   A "marked limitation" is one which "interferes seriously" with the claimant's ability to independently initiate, sustain, or complete activities.   20 C.F.R. § 416.926a(e)(2)(i).   By contrast, an "extreme limitation" is one which "interferes very seriously."   20 C.F.R. § 416.926a(e)(3)(i).   Plaintiff argues that he meets, or at least functionally equals, the criteria for the ADHD listing and relies on the opinion of Dr. Hernandez to support this contention.

To meet a listing, a plaintiff must show that he meets all of the specific medical criteria of that listing, and an impairment that meets only some, but not all, of the criteria, no matter how severe, is insufficient.   *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).   Because the Court already has concluded that the ALJ properly accorded little weight to Dr. Hernandez's opinion, the Court finds that the remaining evidence in the record does not support a determination that Plaintiff meets the listing for ADHD.   Having concluded that Plaintiff has not met his burden to demonstrate that his impairments meet or medically equal the listing, the Court also has considered

whether Plaintiff has demonstrated that his impairments functionally equal the listings.   Substantial evidence supports the ALJ's conclusion that Plaintiff has not.

In making his functional determination, the ALJ stated that he considered all Plaintiff's symptoms and the extent to which they can reasonably be accepted as consistent with the objective medical and other evidence, including opinion evidence, as required by the Regulations.   Tr. 19; *see* 20 C.F.R. §§ 416.927, 416.929; SSRs 96-2p, 96-4p, 96-5p, 96-6p, 96-7p; SSR 06-3p.   Other than Dr. Hernandez, no medical or other source opined that Plaintiff's limitations rise to the level required to meet, medically equal, or functionally equal the ADHD listing.

## V.   Conclusion

Plaintiff bears the burden of proving that he is disabled.   *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).   Upon review of the record, the undersigned concludes that the ALJ applied the proper legal standards, and his determination that Plaintiff is not disabled is supported by substantial evidence.   Where, as here, the Commissioner's decision is supported by substantial evidence, the Court must affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the preponderance of the evidence is against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes*, 932 F.2d at 1358.

ACCORDINGLY, it is hereby respectfully

**RECOMMENDED:**

1.   That this Report and Recommendation be adopted and the decision of the Commissioner be **AFFIRMED**; and

2.     That the Clerk of Court be directed to enter judgment in favor of the

Commissioner, and close the file.

**DONE** and **ENTERED** in Fort Myers, Florida on this 31st day of July, 2015.


CAROL MIRANDO
United States Magistrate Judge


Copies:
The Honorable James S. Moody, Jr.
United States District Judge

Counsel of record